IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUEREAN VAN DE STREEK,<br><br>　　Plaintiff,<br><br>　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK,<br><br>　　Defendant.<br>_____/ | No. C 13-2282 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION REQUESTING LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT; DIRECTIONS TO DEFENDANT** |

Before the Court is defendant's "Administrative Motion Requesting Leave to File Motion for Partial Summary Judgment/Adjudication," filed March 17, 2014. Plaintiff has filed opposition.

Having read and considered the parties' respective written submissions, the Court finds good cause exists to afford defendant the opportunity to file a motion for partial summary judgment. Accordingly, the administrative motion is hereby GRANTED, and defendant is afforded leave to file a motion for partial summary judgment, either (1) in the form of the proposed motion attached to the administrative motion, minus one argument as discussed below,[1] or (2) a new motion, raising the same affirmative defenses, specifically,

---

[1] To the extent defendant seeks to argue at this time plaintiff's status is that of an at-will employee, the administrative motion is DENIED for the reason that such contention does not constitute an affirmative defense but rather one going to the merits of plaintiff's breach of contract claim.

failure to exhaust administrative remedies, preemption under the Railway Labor Act, and the statute of limitations.[2]  If, as indicated in its administrative motion, defendant wishes to have the motion heard on May 2, 2014, defendant must file and serve the motion for partial summary judgment no later than March 28, 2014.  See Civil L.R. 7-2(a).

**IT IS SO ORDERED.**

Dated: March 24, 2014

MAXINE M. CHESNEY
United States District Judge

---

[2]The Court observes that in its motion for partial summary judgment as currently proposed, defendant, in its discussion of the statute of limitations as a bar to the Eighth Claim for Relief, relies exclusively on Rule 15(c)(1)(B); the Eighth Claim for Relief, however, alleges a state law claim, and thus it would appear that Rule 15(c)(1)(A) is applicable as well.  See Saxton v. ACF Industries, Inc., 254 F.3d 959, 962-64 (11th Cir. 2001) (holding, pursuant to Rule 15(c)(1)(A), state law claim "relates back" to initial complaint if state law would allow relation back "even if the amendment would not relate back under the federal law rules"); see also Norgart v. Upjohn Co., 21 Cal. 4th 383, 409 (1999) (holding, under California law, amendments relate back if they "(1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one") (emphasis omitted).

2