IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUEREAN VAN DE STREEK,<br><br>      Plaintiff,<br>  v.<br>NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK,<br><br>      Defendant.<br>_____ / | No. C 13-2282 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE; GRANTING IN PART, DENYING IN PART AS MOOT, AND DEFERRING IN PART RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is defendant National Railroad Passenger Corporation's "Motion for Partial Summary Judgment/Adjudication," filed March 28, 2014. Plaintiff Luerean Van de Streek has filed opposition, to which defendant has filed a reply and, with leave of court, a supplemental reply, to which plaintiff has filed a response. Also before the Court is plaintiff's motion for "Continuance of Case," filed April 21, 2014, and defendant's opposition thereto. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

**A. Motion for Continuance**

At the outset, the Court addresses plaintiff's motion for a continuance, as the relief thereby requested would, if granted, effectively postpone the Court's consideration of

---

[1] By order filed May 13, 2014, the Court took defendant's motion under submission. By order filed April 22, 2014, the Court deemed plaintiff's motion under submission as of the date on which defendant filed its response thereto.

defendant's motion.

Plaintiff, who proceeds pro se, seeks a "continuance" of the above-titled action. In support of said request, plaintiff states she has contacted "a few" attorneys and is awaiting their responses. (See Pl.'s Mot. at 2.) Because plaintiff does not seek an extension of any particular date or deadline, but, rather, a continuance of all deadlines and dates to later unspecified dates, plaintiff, in effect, seeks a stay of the instant action while she attempts to locate counsel who is willing to represent her in the instant action.

In determining the propriety of a stay of proceedings, the district court must "balance the length of the stay against the strength of the justification given for it." See Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." Id. Further, a party seeking a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [he/she] prays will work damage to someone else." See Landis v. American Water Works & Electric Co., 299 U.S. 248, 255 (1936).

Here, plaintiff seeks a stay for an indefinite period of time. Further, in that the June 16, 2014 deadline for fact discovery is rapidly approaching, the imposition of a stay will in all likelihood result in vacatur of the existing discovery and pretrial schedule and, potentially, the February 9, 2015 trial date, thus causing at least a "fair possibility" of harm to defendant. See id.; Wong v. Regents, 410 F.3d 1052, 1062 (9th Cir. 2005) (holding "[d]isruption to the schedule of the court and other parties . . . is not harmless"). Plaintiff fails to demonstrate sufficient cause for such a stay, and, although plaintiff is proceeding pro se, her court filings, to date, demonstrate her ability to present her arguments in an articulate manner.

Accordingly, plaintiff's motion for a continuance will be denied.

**B. Motion for Partial Summary Judgment**

Defendant seeks summary judgment on certain of plaintiff's claims on the asserted grounds that the claims have not been exhausted, are preempted by federal law, and/or are

2

barred by the applicable statute of limitations. The Court considers each such argument in turn.

**1. Exhaustion: Hostile Work Environment/Harassment Claims**

In plaintiff's Second Claim for Relief, titled "Racial Discrimination – Hostile Work Environment," plaintiff alleges that defendant "creat[ed] a racially hostile work environment . . . both by virtue of plaintiff experiencing racial harassment directed against her, as well as witnessing, experiencing and being aware of racial discrimination and [a] hostile work environment directed against and experience[d] by other members of plaintiff's race." (See First Amended Complaint ("FAC") ¶ 25.) In plaintiff's Third Claim for Relief, titled "Racial Discrimination – Harassment," plaintiff similarly alleges that defendant "harass[ed] plaintiff . . . both by virtue of plaintiff experiencing racial harassment directed against plaintiff as well as witnessing, experiencing and being aware of the racial harassment of other members of plaintiff's race." (See FAC ¶ 30.) Plaintiff describes the harassing conduct directed toward plaintiff as follows: "[M]anagerial and supervisorial personnel actively engaged in hostile and discriminatory conduct toward [plaintiff], including but not limited to isolating her, and addressing her in a demeaning and condescending way." (See FAC ¶ 12.) Plaintiff further alleges that other African-American employees who worked in the same "facility" and "department" were, like plaintiff, "isolated and spoken to in a demeaning and condescending way." (See FAC ¶ 10.)[2]

Defendant argues the Second and Third Claims for Relief, both of which are brought pursuant to the Fair Employment and Housing Act ("FEHA"), are subject to dismissal for failure to exhaust administrative remedies.

To bring a claim under FEHA, a plaintiff must first exhaust his/her administrative remedies by submitting a "written charge" to the Department of Fair Employment and Housing ("DFEH"). See Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001). FEHA claims alleged in a subsequently filed civil complaint that "fall outside the scope of

---

[2]Defendant has not challenged the sufficiency of the pleading, and has filed an answer to the FAC.

3

1  the administrative charge are barred for failure to exhaust." See id. at 897.  In determining
2  whether a plaintiff has exhausted available administrative remedies, a court considers the
3  administrative charge and other information the plaintiff has submitted to the DFEH,
4  including responses in any pre-complaint questionnaire submitted to the DFEH.  See Nazir
5  v. United Airlines, Inc., 178 Cal. App. 4th 243, 264-69 (2009) (holding plaintiff exhausted
6  harassment claim, where plaintiff alleged facts in support thereof in two pre-complaint
7  questionnaires submitted to DFEH).

8  In its moving papers, defendant relies on plaintiff's administrative charge,
9  specifically, the one-page Complaint of Discrimination plaintiff submitted to the DFEH on
10 September 22, 2011, which charge refers solely to plaintiff's June 27, 2011 termination
11 from her position of Maintenance Scheduling Senior Officer; the charge includes no
12 reference to any act(s) occurring on any other date(s), and, in particular, includes no
13 mention of a racially hostile work environment or racial harassment.  (See Dick Decl., filed
14 March 28, 2014, Ex. 3, first page.)  In her opposition, plaintiff does not contend her
15 administrative charge is sufficient to exhaust her hostile work environment and harassment
16 claims; instead, she relies on her declaration, in which she states she complained to the
17 DFEH about "a hostile work environment and harassment" in a "pre-complaint
18 questionnaire."  (See Van de Streek Decl. ¶ 2.)  Plaintiff also "seeks leave to obtain
19 documents from FEHA to establish to the court's satisfaction relevant facts."  (See Pl.'s
20 Opp. at 1.)

21 Where a plaintiff opposing summary judgment "shows by affidavit or declaration that,
22 for specified reasons, [he/she] cannot present facts essential to justify [his/her] opposition,"
23 the court may afford such plaintiff the opportunity "to obtain affidavits or declarations or to
24 take discovery."  See Fed. R. Civ. P. 56(d).  As discussed below, the Court finds plaintiff is
25 entitled to relief under Rule 56(d).

26 On April 7, 2014, plaintiff filed a response to a motion to compel, in which she
27 included what appears to be an unauthenticated copy of a pre-complaint questionnaire and
28 written attachment thereto.  (See Dkt. No. 77-3 pages 15-16, 19-25 and Dkt. No. 77-4

4

pages 1-2.)³ In the written attachment, plaintiff stated, <u>inter alia</u>, that a superintendent "harassed" her by "talking down" to her, that she was the "recipient of aggressive behavior," that a "Mr. Reddell harassed [her]" as she left the "S & I," that she left a meeting on May 17, 2011 because she was "being harassed" by the supervisors present, that a supervisor "harassed" her by asking her to return her phone and charger while allowing other managers to keep their phones, that her parking space was "moved" and her job title listed thereon changed from "senior office maint sched" to "scheduler," and that the workplace was a "white male dominated culture" in which "white males promote[d] each other." (<u>See id.</u>) As noted above, plaintiff's hostile work environment and harassment claims, as alleged in the FAC, are based on the theory that plaintiff was subjected to "hostile and discriminatory conduct toward [plaintiff], including but not limited to isolating her, and addressing her in a demeaning and condescending way." (<u>See</u> FAC ¶ 12.) Consequently, it would appear that plaintiff, if able to authenticate the above-referenced document, could establish the requisite exhaustion as to her hostile work environment and harassment claims.

Accordingly, to the extent the motion seeks a finding that plaintiff has failed to exhaust her hostile work environment and harassment claims, the Court will defer ruling and afford plaintiff the opportunity, within the time provided below, to submit a certification, declaration, affidavit, or any other evidence, to support a finding that the pre-complaint questionnaire and attachment previously submitted are what she, as "the proponent," states them to be. <u>See</u> Fed. R. Civ. P. 901(a); <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002) (holding "unauthenticated documents cannot be considered in a motion for summary judgment").

### 2. Exhaustion: Pattern and Practice Claims

In the FAC, plaintiff alleges she was terminated from her position as Maintenance Scheduling Senior Officer (<u>see</u> FAC ¶ 14), and that such termination constituted

---

³Plaintiff filed her response to the motion to compel on the same date she filed her opposition to the motion for summary judgment.

5

discrimination "on the basis of race" (see FAC ¶ 20) and "on the basis of gender" (see FAC ¶ 40). Plaintiff alleges that "[s]uch discrimination has been part of a pattern and practice of discrimination by [d]efendant[ ]," and identifies three other lawsuits in which other employees of defendant have, according to plaintiff, alleged claims similar to those asserted by plaintiff herein. (See FAC ¶ 10.)

Defendants argue that plaintiff's "pattern and practice claims" (see Def.'s Mot. at 1:12-15) are subject to dismissal for failure to exhaust administrative remedies. As discussed below, however, plaintiff has not included the allegations pertaining to other employees as an independent "claim," but, rather, as support for her claim that she herself was subjected to discrimination.

As the Supreme Court has explained, a distinction exists between an "individual claim of discrimination" and a "class action alleging a general pattern or practice of discrimination." See Cooper v. Federal Reserve Bank, 467 U.S. 867, 876 (1984). "The inquiry regarding an individual's claim is the reason for a particular employment decision, while at the liability stage of a pattern-or-practice trial[,] the focus will not be on individual hiring decisions, but on a pattern of discriminatory decisionmaking." Id. As the authority cited by defendant explains, although a plaintiff who seeks to allege a "pattern and practice" statutory discrimination claim must exhaust said claim, see Deeb v. Old Navy, LLC, 2009 WL 2899887, *8 (M.D. Fla. September 4, 2009), a plaintiff who has not exhausted such a claim nonetheless may rely on "[p]attern and practice" evidence to "demonstrate that an employer's employment decision 'conformed to a general policy of discrimination . . . and that the presumptively valid reasons for [an employer's] rejection were in fact a coverup for a . . . discriminatory decision'," see id. (quoting McDonnell Douglas v. Green, 411 U.S. 792 (1973) (alterations in original)).

Here, plaintiff does not allege any claim on behalf of a class, but, rather, alleges only claims on her own behalf. Indeed, plaintiff, in her opposition, confirms that she "does not bring a claim for pattern and practice discrimination" (see Pl.'s Opp. at 3), and, instead, intends to rely on evidence regarding other employees to demonstrate pretext.

1  Accordingly, to the extent the motion seeks a finding that plaintiff is precluded from
2  raising a pattern and practice claim, the motion will be denied as moot.

**3. Preemption: Breach of Contract Claim**

Plaintiff's Seventh Claim for Relief is a state law claim for breach of contract. In the FAC, plaintiff alleges that "[t]here was an oral if not a written contract between [defendant] and [plaintiff], or inuring to [plaintiff's] benefit, pursuant to which [plaintiff] could only be suspended and/or terminated for good cause" (see FAC ¶ 48), and that defendant "breached that contract by suspending and terminating [plaintiff] without cause (see FAC ¶ 49). Defendant argues that to the extent the Seventh Claim for Relief is based on a claim that defendant breached the terms of a collective bargaining agreement ("CBA"), plaintiff's breach of contract claim is preempted. See Hawaiian Airlines, Inc. v. Finazzo, 512 U.S. 246, 261 (holding where "resolution of state law claim depends on an interpretation of [a] CBA, the claim is pre-empted").

As noted, plaintiff alleges she was unlawfully terminated from her position as a Maintenance Scheduling Senior Officer. Defendant has offered evidence that such position is not a "union-covered position" (see Dick Decl., filed March 28, 2014, Ex. 1 at 114:9-11), and there is no contention by defendant that resolution of a claim based on plaintiff's termination from said non-union position is dependent on any provision in a CBA. Defendant nonetheless appears to interpret the Seventh Claim for Relief as including a claim that defendant breached the terms of a CBA, based solely on a response plaintiff provided to an interrogatory in which she was asked to identify any contract she was contending defendant had breached.

In the discovery response on which defendant relies, plaintiff stated that, "[i]n general terms, there were two contracts potentially at issue." (See Dick Decl., filed March 28, 2014, Ex. 2, Pl.'s Amended Responses to Interrogatories at 2-3.) The first contract, according to plaintiff, was "part oral, or based on customs and practices governing [plaintiff's] position as a scheduling maintenance officer, and part written." (See id.) The second contract, plaintiff continued, was the "collective bargaining agreement that

7

governed [plaintiff's] relationship with [defendant] as a 'non-management' level employee, such as a foreman"; plaintiff further stated, however, that she "does not allege in her complaint a breach of this contract." (See id., Ex. 2, Pl.'s Amended Responses to Interrogatories at 3.)[4]

Accordingly, to the extent the motion seeks a finding that plaintiff is precluded from basing her claim for breach of contract on a contention that defendant violated the terms of the CBA, the motion will be denied as moot.

**4. Statute of Limitations: Termination in Violation of Public Policy Claim**

Defendant argues plaintiff's Eighth Claim for Relief, titled "Wrongful Termination in Violation of Public Policy," is barred by the applicable statute of limitations.

In the Eighth Claim, plaintiff alleges that her termination from the position of Maintenance Scheduling Senior Officer was "in violation of public policy and law preventing false claims against and/or the misuse of government funds, and protecting the health and safety of the general public." (See FAC ¶ 54.) Plaintiff alleges said position had been "established according to specific terms of a contract between Caltrans and [defendant], required under that contract, and funded by Caltrans" (see FAC ¶ 52), and, as part of her duties, she "prevent[ed] the misuse of and wrongful claims against the public funds of the State of California, CCJPA [Capitol Corridor Joint Power Authority] entities, and the government of the United States, and protect[ed] the health and safety of the general public" (see FAC ¶ 53). According to plaintiff, defendant and its officers "signaled their intention to diminish substantially the oversight role of the Maintenance Scheduling Senior Officer and [plaintiff], and so breach [defendant's] contract with Caltrans, denying Caltrans and the State of California of their negotiated rights and benefit of their bargain," and that defendant "committed overt acts to effect such a purpose," including "the termination of [plaintiff]." (See id.)

---

[4] Both prior to and after plaintiff held the non-union position of Maintenance Scheduling Senior Officer, plaintiff worked for defendant as a foreman. (See Dick Decl. Ex. 1, filed March 28, 2014, at 50:17-23, 113:11-23; Munoz Decl. Ex. 3.) The foreman position is covered by a CBA. (See Munoz Decl. ¶ 3.)

8

The statute of limitations applicable to a claim for wrongful termination in violation of public policy is two years. See Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1189 n.14 (2004). Plaintiff alleges that on June 27, 2011, she was terminated from the position on which the Eighth Claim for Relief is based, and the evidence submitted by defendant, which includes plaintiff's statement to the DFEH, likewise reflects that date of termination. (See FAC ¶ 13; Munoz Decl., filed May 2, 2014, Ex. B; see also Dick Decl., filed March 28, 2014, Ex. 3.)[5] The Eighth Claim for Relief was alleged for the first time in the FAC, which was filed on July 13, 2013, a date more than two years after June 27, 2011. Consequently, unless the amendment relates back to May 20, 2013, the date on which the initial complaint was filed, the Eighth Claim for Relief is barred by the statute of limitations.

Under Rule 15(c)(1) of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading" if "the law that provides the applicable statute of limitations allows relation back," see Fed. R. Civ. P. 15(c)(1)(A), or, alternatively, if "the amendment asserts a claim . . . that arose out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," see Fed. R. Civ. P. 15(c)(1)(B). As discussed below, the Eighth Claim for Relief does not relate back under either alternative set forth in Rule 15(c)(1).

First, the Eighth Claim for Relief does not relate back under Rule 15(c)(1)(A). Under California law, i.e., the law "provid[ing] the applicable statute of limitations," an amendment is "deemed filed as of the date of the original complaint[,] provided recovery is sought in both pleadings on the same general set of facts." See Kim v. Regents, 80 Cal. App. 4th 160, 168 (2000) (internal quotation and citation omitted). In applying said standard, the California Court of Appeal has held that a discrimination claim alleged in an amended

---

[5] Plaintiff now argues she was terminated on August 24, 2011, a date within the two-year limitations period. The August 24, 2011 termination, however, is irrelevant with respect to the Eighth Claim for Relief, as, on that date, plaintiff was terminated from the union position plaintiff had obtained after she had been terminated from the non-union position of Maintenance Scheduling Senior Officer. (See Munoz Decl. ¶¶ 3-4, Ex. 3; Pl.'s Decl. Ex. A at 2.) Plaintiff does not allege that her August 24, 2011 termination from the union position was in violation of public policy.

9

complaint does not relate back to an original complaint in the absence of the original complaint's inclusion of factual allegations "concerning" the asserted discrimination. See id. at 169.

Here, the initial complaint alleged defendant had terminated plaintiff in violation of a contractual provision that she could only be terminated for good cause (see Compl. ¶¶ 48-53), that the termination was motivated by discrimination on the basis of her race (see Compl. ¶¶ 14, 19-20), that the termination was motivated by discrimination on the basis of her gender (see Compl. ¶¶ 14, 39-40), that the termination was in retaliation for plaintiff's having complained, in May 2011, that she been suspended without pay due to discrimination on the basis of race (see Compl. ¶¶ 12-13, 34-35), and that, during the course of her employment, she had been subjected to a hostile work environment on the basis of her race and gender (see Compl. ¶¶ 12, 25, 30, 40). The initial complaint did not allege any facts suggesting the termination was motivated by an attempt to deprive Caltrans of the benefits of its contract with defendant, and, indeed, did not include any reference to a contract between Caltrans and defendant. Equally important, the initial complaint did not allege any facts, or otherwise suggest, plaintiff had taken steps to prevent a government entity from paying a false claim for money. In short, the wrongful conduct described in the Eighth Claim for Relief "does not arise out of the same set of facts" that support the claims in plaintiff's initial complaint. See Kim, 80 Cal. App. 4th at 169 (holding age discrimination claim did not relate back to filing date of complaint alleging breach of contract and failure to pay overtime, even though claims in both initial complaint and amended complaint concerned "just one employee and one termination").

Second, the Eighth Claim for Relief does not relate back under Rule 15(c)(1)(B). Under said rule, a new claim in an amended complaint relates back if the new claim and the claim in the initial complaint "share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." See Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008). In applying this standard, the Ninth Circuit has held that a claim that an employer paid "African-American salaried employees less than similarly

10

1 situated Causasian employees" did not relate back to the date on which the initial complaint
2 was filed, where the initial complaint had alleged plaintiffs were "denied promotions,
3 subjected to a hostile work environment, and retaliated against on the basis of race,"
4 because, even though all the claims "involve[d] allegations of racial discrimination," the
5 "compensation discrimination claim [was] a new legal theory depending on different facts,
6 not a new legal theory depending on the same facts." See id. at 1124, 1131, 1133.

7       Here, similarly, the claim for wrongful termination in violation of public policy is a
8 "new theory depending on different facts." See id. at 1133. The type of evidence
9 necessary to prove the claims in plaintiffs' initial complaint would not support a finding that
10 defendant terminated plaintiff in an attempt to deprive Caltrans of the benefits of a contract
11 between Caltrans and defendant, or that defendant terminated plaintiff for having engaged
12 in any type of behavior pertaining to the prevention of false claims or otherwise to
13 protection of the health and safety of the general public. See In re Markus, 313 F.3d 1146,
14 1150-51 (9th Cir. 2002) (holding amended complaint alleging new claim of fraud did not
15 relate back to earlier complaint alleging fraud, where the fraud claim in amended complaint
16 was not based on "the same facts set out in [earlier complaint]").

17       Accordingly, to the extent the motion seeks judgment in favor of defendant on the
18 Eighth Claim for Relief, the motion will be granted.

19 **C. Request to Amend**

20       In her opposition, plaintiff requests leave to file a Second Amended Complaint.
21 Plaintiff has not, however, filed a proposed amended complaint, see Civil L.R. 10-1
22 (providing that party "moving to file an amended complaint must reproduce the entire
23 proposed pleading"), and, consequently, the Court cannot determine whether amendment
24 would be proper. Moreover, the deadline for amendment of pleadings has long passed.
25 (See Pretrial Preparation Order, filed August 26, 2013, at 2 (setting November 15, 2013 as
26 deadline to amend).) Plaintiff has not attempted to show "good cause" exists to modify said
27 deadline nor is any such ground otherwise evident. See Johnson v. Mammoth
28 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (holding party seeking to extend

pretrial deadline must show existing deadline "[could] not reasonably be met despite the diligence of the party seeking the extension").

Accordingly, plaintiff's request to amend will be denied.

## CONCLUSION

For the reasons stated above,

1. Plaintiff's motion for a continuance of the case is hereby DENIED.

2. Defendant's motion for partial summary judgment is hereby GRANTED in part, DENIED in part, and DEFERRED in part, as follows.

    a. To the extent the motion seeks summary judgment as to the Eighth Claim for Relief, the motion is GRANTED.

    b. To the extent the motion seeks summary judgment as to any "pattern and practice" claim and any claim that a CBA was breached, the motion is DENIED as moot.

    c. To the extent the motion seeks summary judgment as to the Second and Third Claims for Relief, the Court DEFERS ruling thereon, and sets the following briefing schedule:

        (1) No later than June 20, 2014, plaintiff shall file any evidence demonstrating that she has exhausted the claims alleged in the Second and Third Claims for Relief, as well as any supplemental opposition limited to said exhaustion issue.

        (2) No later than June 27, 2014, defendant shall file any reply thereto.

        (3) Unless the parties are otherwise advised, the deferred portion of the motion will be deemed submitted as of June 27, 2014.

3. Plaintiff's request to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 23, 2014

                                              MAXINE M. CHESNEY
                                              United States District Judge